# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs August 3, 2010

## STATE OF TENNESSEE v. MICHAEL ANTHONY THARPE

**Direct Appeal from the Circuit Court for Carroll County**
**No. 09 CR 110     Donald E. Parish, Judge**

**No. W2010-00936-CCA-R3-CD  - Filed November 2, 2010**

The defendant, Michael Anthony Tharpe, appeals the revocation of his probation by the Circuit Court for Carroll County.  On May 11, 2009, he entered a guilty plea to theft over $500, and was sentenced to three years probation.  He later committed new law violations and failed to report to his probation officer.  Following a hearing on March 29, 2010, the defendant's probation was revoked, and he was ordered to serve the balance of his sentence in confinement.  After careful review, we affirm the judgment of the Circuit Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR. and J.C. MCLIN, JJ., joined.

Guy T. Wilkinson, District Public Defender, for the appellant, Michael Anthony Tharpe.

Robert E. Cooper, Jr., Attorney General and Reporter; Brian Clay Johnson, Assistant Attorney General; Hansel J. McCadams, District Attorney General; and R. Adam Jowers, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

This case involves a defendant who received a sentence of probation following the entry of his guilty plea to a Class E felony.  The defendant later committed new law violations, including possession of cocaine, evading arrest, and possession of drug paraphernalia, leading to two arrests in different counties within the same judicial district.  His probation officer presented three probation violation reports to the trial court.  The possession of cocaine violation report resulted in a partial revocation of the defendant's probation at a prior hearing.  This appeal only concerns the revocation based upon the new law violations for evading arrest and possession of drug paraphernalia and the defendant's

failure to report to his probation officer.

A hearing was conducted on March 29, 2010, and the defendant's probation officer testified that she explained the conditions of probation to the defendant after he was placed on probation following his theft of property conviction. The defendant signed the probation order, indicating that he understood the conditions of probation. She testified that the defendant was in violation of one of the conditions of his probation by failing to report to her after he was released from jail. Additionally, the defendant made no payment toward court costs, fines, or restitution. She testified, without objection, that the defendant's arrest for possession of drug paraphernalia arose when the Paris Police Department was made aware that the defendant was in their jurisdiction and that he was the subject of an outstanding warrant. Police attempted to arrest the defendant. He evaded arrest but was eventually subdued. When he was arrested, he was in possession of drug paraphernalia.

The defendant testified that he could not meet with the probation officer because he had been in jail. He testified that he later met with his probation officer in Lexington, Tennessee, and that he wanted to transfer his probation to Paris where he would be able to satisfy his obligations. However, during cross-examination, the defendant agreed that he did not report to his probation officer for approximately five months after his release from jail. He also agreed that he had previously been on probation. The defendant's testimony relevant to the evading arrests and the drug paraphernalia charge was as follows:

> [State]: Okay. Well, you had contact with law enforcement and they arrested you and they found you in possession of drug paraphernalia, didn't they?
>
> [Defendant]: Well, yeah, I admit that. I admit that. Yes, sir. I ain't denying that, but I'm denying what she is saying before all that.
>
> [State]: Okay.
>
> [Defendant]: Before I report - - -. I got a picture right here, you know. Right there, that is me reporting.
>
> [State]: Well, what - - -. Let me ask you about this. Whenever you were over in Paris and you spoke with Officer James what kind of paraphernalia did you have that day?
>
> [Defendant]: I had a weed pipe on me.

| | |
|---|---|
| [State]: | You had a weed pipe on you? |
| [Defendant]: | Yes, sir. |
| [State]: | And did he give you some kind of command to stop and you didn't do that? |
| [Defendant]: | Well, the first thing, I didn't know him. I stepped out of my door to smoke that [cigarette] and he is standing back there like he is going to kill somebody. He let - - -. I took off running. |
| [State]: | Was he not dressed in his uniform? |
| [Defendant]: | It was all black. The only thing I know in my [peripheral] vision he was right there like this. |
| [State]: | So you took off [running]? |
| [Defendant]: | I took off running. Yes, sir. Of course, my instinct told me to go ahead and run until he shocked me with that thing and I finally stopped when I finally realized who it was.<br>It would scare you too if you step outside your door and there was somebody standing right there, and had a gun on the side of your [peripheral] vision. |

Following the hearing, the trial court announced that the defendant had violated the terms of his probation by being in possession of drug paraphernalia and by evading arrest. The trial court revoked the defendant's probation. This appeal followed.

Analysis

The defendant argues that the evidence of evading arrest was insufficient and therefore, "we do not know if the judge would have revoked him for just possessing drug paraphernalia." The defendant acknowledged that he was in possession of drug paraphernalia when he was arrested in Henry County. He also agreed that he had not met with his probation officer as set out in the terms of his probation, but he provided the excuse that he was unable to meet because he was incarcerated.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. T.C.A. §§ 40-35-310, -311. The decision to revoke probation rests within the sound discretion of the trial court. *State v. Kendrick,* 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005); *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation and a community correction sentence is subject to an abuse of discretion standard of review, rather than a *de novo* standard. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). Discretion is abused only if the record contains no substantial evidence to support the conclusion of the trial court that a violation of probation or community correction sentence has occurred. *Id.*; *State v. Gregory*, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). Proof of a violation need not be established beyond a reasonable doubt, and the evidence needs only show that the trial judge exercised a conscientious and intelligent judgment, rather than acted arbitrarily. *Gregory*, 946 S.W.2d at 832; *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

The defendant contends that the evidence was insufficient to demonstrate that he evaded arrest and argues that insufficient evidence was presented to justify the trial court's revocation of his probation. The State argues that evidence of evading arrest and the finding by the trial court of possession of drug paraphernalia were sufficient individually to revoke his probation. We agree with the State. The trial court's finding either that the defendant possessed drug paraphernalia or that he evaded arrest would be sufficient, standing alone, to justify the trial court's revocation of probation. The trial court did not abuse its discretion in revoking the defendant's probation. The defendant conceded in his testimony that he was in possession of drug paraphernalia in the form of a "weed pipe." This evidence, alone, supported the full revocation of the defendant's probation by the trial court.

With regard to the charge of evading arrest, the defendant also testified that he ran from a man that was a police officer. The defendant did not deny that the officer ordered him to stop after he ran but said that he did not stop "until he shocked me with that thing." He said that it was only then that he realized he was running from a police officer. The trial court did not abuse its discretion in concluding that the defendant had committed new crimes, evading arrest and possession of drug paraphernalia, in violation of his probation agreement.

We also note, as the trial court did, that it was not likely that the defendant would have had his probation violated had he not taken the stand to testify on his own behalf. The defendant's testimony that he fled from police and had drug paraphernalia in his possession at the time proved to be more damaging than the testimony of his probation officer. The probation officer's testimony regarded only that the defendant had committed new law violations and that he had failed to report to her as set out in his probation agreement. The

-4-

probation officer also testified, without any objection from the defendant, that the defendant was charged with evading arrest and possessing drug paraphernalia. The trial court did not revoke the defendant's probation based on the testimony of the probation officer; rather, it was revoked because the defendant testified about his criminal activity. As the trial court stated, "Mr. Tharpe, you were doing pretty good there in your testimony until you told me about that evading arrest and drug paraphernalia. . . ."

## Conclusion

Based on the foregoing and the record as a whole, we affirm the judgment from the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE